_____FILED _____ENTERED
_____LODGED _____RECEIVED

AUG 22 2011

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEREMIAH NEAL
    Petitioner                  :

v.                             :      CIVIL ACTION NO. JKB-11-2123

UNITED STATES OF AMERICA    :
    Respondent

## MEMORANDUM

Jeremiah Neal, a resident of Washington, D.C., filed an action using forms provided to prisoners seeking to challenge their federal convictions under 28 U.S.C. § 2255. As his claim appeared to challenge a Maryland state court conviction, the action was instead instituted as a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Neal's request for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

Neal references a May 12, 1983 "judgment" for driving while uninsured. He indicates he recently learned of the judgment when he attempted to renew his driver's license in the District of Columbia. ECF No. 1 at 1, 8. An electronic search of Maryland judicial records[1] reveals that a civil judgment in the amount of $7,500 plus court costs was entered against Neal for a motor vehicle tort by the Circuit Court for Baltimore City on May 12, 1983. Neal failed to pay the judgment which ultimately was paid by the State under the Maryland Automobile Insurance Fund (MAIF). The State renewed the judgment but ultimately failed to proceed in its attempt to obtain repayment by Neal. *See Zeigler v. Neal*, Case No. 24C80350602. The record does not reveal that Neal was prosecuted criminally either for causing a motor vehicle accident or for failing to pay the civil judgment resulting therefrom.[2]

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=24C80350602&loc=6

[2] His only Maryland criminal cases stem from theft and rape charges filed in the Circuit Court for Prince George's County.

Habeas corpus actions provide an avenue of relief for "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Neal has never been "in custody" with regard to his motor vehicle tort. A separate Order shall be entered dismissing the instant action and further denying a certificate of appealability.[3]

_/s/ James K. Bredar 8/22/11_
James K. Bredar
United States District Judge

---

[3] Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. As this case is improperly filed as a habeas corpus action, Neal does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

2